IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Plaintiff and Eva Smith[1], | ) | |
| | ) | Civil Action No.: 3:19-cv-02155-JMC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Brian "Jay" Koon, Sheriff's Department | ) | |
| of Lexington County, Deputy Thomas J. | ) | |
| Bonnette, Jr., Sgt. Miles Rawl, and | ) | |
| John Does 1 through 5, *individually and* | ) | |
| *in his/their official capacity*, | ) | |
| | ) | |
| | ) | |
| Defendants.[2] | ) | |
| | ) | |

Plaintiff Carson Smith ("Plaintiff") brought this suit claiming Defendant Deputy Thomas J. Bonnette, Jr. ("Defendant") violated Plaintiff's constitutional rights and various state laws when Plaintiff was arrested on October 13, 2017. (ECF No. 1-1.)

Pending before the court is Defendant Bonnette's Motion for Reconsideration (ECF No. 35) of this court's Order Granting in Part and Denying in Part Defendants' Partial Motion for Summary Judgment ("Order") (ECF No. 32). Plaintiffs filed a brief in opposition (ECF No. 36), to which Defendant filed a Reply (ECF No. 38). For the reasons discussed below, the court **DENIES** Defendant's Motion for Reconsideration. (ECF No. 35.)

---

[1] Plaintiff Eva Smith was dismissed from this lawsuit when the court ruled on Defendants' Motion for Partial Summary Judgment. (ECF No. 32 at 29 n. 26.).

[2] The lone surviving claim after the court ruled on Defendants' Motion for Partial Summary Judgment is Plaintiff's § 1983 claim for malicious prosecution against Defendant Bonnette in his individual capacity. (ECF No. 32 at 29-30.) In the Order, the court dismissed all other claims and Defendants from the case. (*Id*.)

I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This case stems from an incident between Plaintiff Carson Smith and Christopher Raines on October 6, 2017. (ECF No. 32 at 2.) In its Order Granting in Part and Denying in Part Defendants' Motion for Partial Summary Judgment, the court set forth a detailed recitation of the relevant facts. (ECF No. 32 at 2-5.) The court adopts and incorporates these facts herein without a full recitation. Defendant's Motion for Reconsideration challenges the court's determination that a reasonable jury could find Plaintiff's criminal harassment charge was dismissed in Plaintiff's favor. (ECF No. 35 at 1.)

The Parties offer substantially different accounts of the underlying facts. On the night in question, Plaintiff alleges Christopher Raines threatened him with a crossbow in the parking lot of a local convenience store. (ECF No. 32 at 2.) Plaintiff claims this was only the latest incident in a long history of Raines' threats against him and his family. (*Id*.) Defendant on the other hand, alleges Raines contacted law enforcement first, complaining Plaintiff and Plaintiff's brother had been harassing him all night. (*Id*. at 3.) The same night, Officer J.J. Bice responded to the scene and took conflicting statements from Plaintiff, Plaintiff's brother and Raines. (*Id*.) Officer Bice viewed video evidence supplied by Raines and concluded in an incident report "the videos clearly showed that Raines never left his property and never pointed a crossbow at anyone." (*Id*. at 4.) At the time of the incident, officers were "aware of numerous documented 'negative interactions . . . between Raines and members of the Smith family.'" (*Id*. at 4.) On October 13, 2017, officers issued an arrest warrant for Plaintiff and his brother. (*Id*.) Plaintiff turned himself in promptly. (*Id*.) He spent the night in prison and received an ankle monitor when he was released. (*Id*.) Assistant Solicitor Lester McGill Bell Jr. ("Prosecutor" or "Bell") was assigned to prosecute the case. (ECF No. 23 at 13.) Plaintiff was charged with first degree harassment of Raines (*Id*. at 11.) Approximately nine months after Plaintiff was charged, Bell dismissed the charges against

Plaintiff due to "insufficient evidence to prosecute." (*Id.* at 13.) In a subsequent affidavit, Bell testified he "firmly believe[d] that probable cause existed for the arrest of [Plaintiff]" but he dismissed the case by an entry of *nolle prosequi* due to his belief that it would be difficult to prove guilt beyond a reasonable doubt and concern about the victim's unsympathetic stature in the community. (*Id.*) Following the *nolle prosequi* dismissal, Plaintiff successfully expunged records pertaining to his arrest. (*Id.*) Plaintiff then brought this case alleging violations of his constitutional rights, unlawful seizure, and malicious prosecution. (ECF No. 32 at 4-5.) The pending motion centers on the *nolle prosequi* dismissal of Plaintiff's criminal harassment charge. (ECF No. 35 at 1.) Plaintiff contends the *nolle prosequi* dismissal was grounded in Defendant's lack of evidence implicating Plaintiff in the crime, and thus, indicates Plaintiff's innocence. (ECF No. 36 at 3-5.) Defendant argues the *nolle prosequi* shows the charge was not dismissed in a manner favorable to Plaintiff. (ECF No. 36 at 1-7.)

## II.     LEGAL STANDARD

Defendant brings this Motion for Reconsideration under Federal Rule of Civil Procedure 54(b). Rule 54(b) provides the following:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). A federal district court "retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003).

> Compared to motions to reconsider final judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops. Despite the inherent flexibility embodied within Rule 54(b), the United

3

States Court of Appeals for the Fourth Circuit has mindfully cautioned that "the discretion afforded by Rule 54(b) 'is not limitless[.]'"

*U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018) (quoting *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). The United States Court of Appeals for the Fourth Circuit has emphasized that a federal district court's revision pursuant to Rule 54(b) is "cabined . . . by treating interlocutory rulings as law of the case." *Carlson*, 856 F.3d at 325 (citations omitted). Although Rule 54(b) provides a federal district court with discretion to revisit an earlier ruling, "such discretion is 'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *U.S. Tobacco Coop. Inc.*, 899 F.3d at 257 (quoting *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)).

Accordingly, as explicitly mandated by the Fourth Circuit, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: '(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'" *Id.* (quoting *Carlson*, 856 F.3d at 325). While this standard resembles the standard under Rule 59(e), it accounts for "potentially different evidence discovered during litigation as opposed to the discovery of 'new evidence not available at trial.'" *Carlson*, 856 F.3d at 325 (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Here, Defendant posits the court committed a clear error of law. (*See* ECF No. 35 at 1-2.)

In evaluating a Rule 54(b) motion for an error of law or manifest injustice, courts are "not persuaded that reconsideration is appropriate based on arguments that have already been considered and rejected by the court." *Sanders v. Lowe's Home Centers, LLC*, No. 0:15-CV02313-

4

JMC, 2016 WL 5920840, at *4 (D.S.C. Oct. 11, 2016); *U.S. Home Corp. v. Settlers Crossing, LLC*, C/A No. DKC 08–1863, 2012 WL 5193835, at *3 (D. Md. Oct. 18, 2012); see *Sanders v. Wal-Mart Stores E.*, No. 1:14-CV-03509-JMC, 2016 WL 6068021, at *2 (D.S.C. Oct. 17, 2016).

### III.     DISCUSSION

Plaintiff's sole remaining cause of action in this case is his § 1983 claim for malicious prosecution against Defendant.  (ECF No. 32 at 29.) This cause of action "incorporates certain elements of the common law tort" and requires a plaintiff to "allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." (*Id.* at 18 (citing *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012).) Defendant's Motion (ECF No. 35) challenges the court's finding that a "genuine dispute exists whether Plaintiff obtained a favorable dismissal of his charge" (ECF No. 32 at 22).  Defendant contests this finding on both legal and factual grounds.  First, Defendant asserts that because Plaintiff's criminal harassment charge was dismissed by *nolle prosequi* and therefore could have been reinstated by the prosecutor, Plaintiff could not establish the favorable termination element of his malicious prosecution claim under the controlling law.  (ECF No. 35 at 1-2.) Second, Defendant argues Plaintiff failed to meet his factual burden "of proving [] favorable termination." (*Id.* at 1-2.)

Plaintiff opposes Defendant's Motion on both procedural and substantive grounds.  (ECF No. 36 at 1.) First, Plaintiff argues Defendant's Motion simply rehashes his prior arguments and objections.  Thus, Plaintiff claims, Defendant fails to meet the high legal standard for reconsideration under Fed. R. Civ. P. 54(b).  (*Id.* at 1-3.) Second, Plaintiff contends a *nolle prosequi* dismissal can constitute termination in favor of the accused. (*Id.* at 3-6.) Plaintiff stresses the underlying records demonstrate a genuine dispute of material fact and that Defendant's argument regarding the sufficiency of facts was fully briefed and decided by this court. (*Id.*) At

5

bottom, Plaintiff points out these reused arguments are not proper under Rule 54(b).  (*Id.*) The court considers Defendant's arguments in turn.

### 1. Revival of Plaintiff's Criminal Charge

A dismissal via *nolle prosequi* alone will not establish favorable termination under South Carolina law.  *Salley v. Myers*, 971 F.3d 308, 313 (4th Cir. 2020) (citing *Nicholas v. Wal-Mart Stores, Inc.*, 33 F. App'x 61, 64–65 (4th Cir. 2002)).  A plaintiff must instead establish "charges were *nolle prossed* for reasons which imply or are consistent with innocence." *Id.* (quoting *McKenney v. Jack Eckerd Co.*, 304 S.C. 21, 22 (1991) (adopting this majority rule in South Carolina)).  However, this is not to say a *nolle prosequi* always indicates unfavorable dismissal.  Instead, the court must consider the reasons behind the dismissal of the charges.  *Salley*, 971 F.3d at 313.  When the "circumstances surrounding the abandonment of the criminal proceedings, [] compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution," the dismissal is consistent with innocence.  *Nicholas*, 33 F. App'x at 65.  In analyzing these facts, the court may not "uncritical[ly] accept[]" the prosecutor's testimony.  *Salley*, 971 F.3d at 314.  Nor may the court consider "the prosecutor's subjective beliefs as determinative on whether the *nolle prosse* was consistent with [Plaintiff's] innocence." *Barnes v. Danner*, 104 F.3d 358 (4th Cir. 1996).  Instead, the court must consider the facts in their entirety and, applying the summary judgment standard, "evaluate the circumstances surrounding the termination of the proceedings in the light most favorable to . . . the nonmovant." *Salley*, 971 F.3d at 314.  In *Salley*, the Fourth Circuit emphasized that questions "about the nature of the circumstances leading to the termination of criminal proceedings '[are] for the trier of fact.'" *Id.* (citing *Murphy v. Lynn*, 118 F.3d 938, 950 (2d Cir. 1997)).  Considering circumstantial evidence on the record, the Fourth

6

Circuit found the prosecutor's stated reason that he "simply cut [Salley] a break" unpersuasive.[3] (ECF No. 32 at 18-19 (citing *Salley*, 971 F.3d at 313-15).)

In the instant case, the Prosecutor Bell stated reasons for dismissing the charge include "insufficient evidence to prosecute," inability to supply proof beyond a reasonable doubt, and the impeachability of the government's main witness, Raines. (ECF No. 32 at 22-23.) Nonetheless, the prosecutor insists there was "overwhelming evidence of probable cause for the arrest warrant for Plaintiff." (ECF No. 32 at 23 (citing ECF No 13-17 at 2).) Guided by the Fourth Circuit's analysis in *Salley*, the court considered the prosecutor's statements in light of the record evidence and held a reasonable jury could conclude "Plaintiff's charge was dismissed based upon his innocence." (ECF No. 32 at 23.)

Defendant objects that the controlling law established by *Heck v. Humphrey*, 512 U.S. 477 (1994) and several cases from this court interpreting *Heck* in the context of malicious prosecution claims bar Plaintiff's allegations unless the underlying charges were *nolle prossed* "without the possibility of revival." (ECF No. 35 at 2-3 (citing *Ackbar v. Jones*, C/A No. 7:20-CV-825-RMG, 2020 WL 4679025, at *3 (D.S.C. May 8, 2020), *report and recommendation adopted*, No. 7:20-CV-825-RMG, 2020 WL 2832287 (D.S.C. June 1, 2020); *Mitchell v. Miller*, No. 419-CV-01668-CMC-TER, 2019 WL 6120050, at *3 (D.S.C. July 19, 2019), *report and recommendation adopted*, No. 4:19-CV-1668-CMC, 2019 WL 3711977 (D.S.C. Aug. 7, 2019); *Von Long v. Suggs*, No. 4:19-CV-02934-DCC, 2020 WL 419570, at *1 (D.S.C. Jan. 27, 2020)).) But this line of cases merely restates *Heck*'s holding and underscores that a *nolle prosequi* for reasons indicative of innocence

---

[3] For instance, the Fourth Circuit considered the context of Salley's arrest and questioned the prosecutor's claim that he simply showed mercy due to Salley's age and the lengthy delay between arrest and trial. (ECF No. 32 at 19 (citing *Salley*, 971 F.3d at 315).) The Fourth Circuit reasoned the prosecutor could have shown mercy by refusing to bring the criminal charges in the first place, as Salley's advanced age was known from the outset, or by dismissing the charges sooner. (*Id.*)

would survive *Heck*'s limitations. *Ackbar*, C/A No. 7:20-CV-825-RMG, 2020 WL 4679025, at *3 (stating under the "favorable termination rule," the charges must be terminated "for reasons indicative of the innocence").

A *nolle prosequi* dismissal does not "bar further prosecution for the same offense" *Matter of Care & Treatment of Oxner*, 430 S.C. 555, 564 (Ct. App. 2020), because it is not an adjudication on the merits. *Mackey v. State*, 357 S.C. 666, 669 (2004). Instead, it "extinguishes the State's prosecution upon those charges." *Id*. Defendant's argument thus suggests *any nolle prosequi* dismissal would categorically bar the inference of favorable termination in a malicious prosecution case. The court has never adopted this bright line rule and declines to do so today. Defendant's cited cases, therefore, do not change the court's analysis. The Fourth Circuit clarified the caselaw in *Salley* and held the issue of favorable termination after a *nolle prosequi* dismissal is ultimately a question of fact. *Salley*, 971 F.3d at 314. The Order appropriately examined the facts on the record in the light most favorable to Plaintiff and found the evidence "raise[d] at least the possibility that a jury could conclude Carson's charge was dismissed based upon his innocence." (ECF No. 32 at 23.)

The Supreme Court of South Carolina found the "entry of a *nolle prosse* [] sufficient [to establish favorable dismissal], provided it is entered under circumstances which imply or are consistent with innocence of the accused." *McKenney*, 304 S.C. at 22. The court explained this rule "'accords with' the Restatement (Second) of Torts, § 660 (1977)." *Id*.; *see also Nicholas*, 33 F. App'x at 64–65. The Restatement (Second) of Torts specifically addresses the revival of prosecutions and clarifies the revival of proceedings is distinct from the revival of a criminal charge. Restatement (Second) of Torts, § 660 (g) (Am. L. Inst. 1977). Dismissal of "criminal proceedings is not a termination in favor of the accused if [the proceedings] were abandoned for the purpose of bringing other proceedings for the same offense and other proceedings are thereafter

instituted within a reasonable time." *Id*. For instance, such dismissals can be entered on jurisdictional grounds, upon the "discovery of a flaw in an indictment," or to obtain a better indictment from the grand jury. *Id*. While these are mere examples of such dismissals, there is no indication on the record that the prosecutor *nolle prossed* the charges against Plaintiff with the intent to re-indict. The formal dismissal states the reason for dismissal was merely "insufficient evidence." (ECF No. 13-18 at 2.) Subsequently, Plaintiff successfully expunged all his arrest records. (ECF No. 32 at 4 n. 6.) To date, nearly four years after Plaintiff was first arrested and charged, no attempts have been made to revive the original charges. Defendant argues the *nolle prosequi* dismissal remains subject to revival. But under the Restatement view and plain common sense, this argument is without merit.

Finally, Defendant's attempt to distinguish *Salley* (ECF No. 35 at 7 n.4) is unpersuasive.[4] While it is true the instant facts are, on some level, distinguishable from those in *Salley*, no two cases will provide identical facts. The role of the trier of fact is to apply the proper standard of review and determine whether the given facts would permit a reasonable jury to find for Plaintiff. This court did so in its Order ruling on Defendants' Motion for Partial Summary Judgment. Thus, the court holds the Order properly applied the controlling law and denies Defendant's Motion for Reconsideration under Fed. R. Civ. P. 54(b) on this ground.

  2. **Plaintiff's Burden of Proof**

In his second basis for reconsideration, Defendant alleges Plaintiff did not meet his burden of proof on the issue of favorable termination. (ECF No. 35 at 3-7.) Defendant argues Plaintiff

---

[4] Defendant cites three specific differences: (1) the charges in Salley were pending for a longer period of time (2) the arresting officer in Salley was also the prosecutor, and (3) the prosecutor's stated reasons for *nolle prosse* dismissal was to "cut plaintiff a break." (ECF No. 35 at 7 n.4.) But the factors considered by the Fourth Circuit in Salley are not exclusive. In fact, the Fourth Circuit specifically leaves these fact-heavy determinations to the trier of fact. *Salley*, 971 F.3d at 314.

conflated the probable cause and favorable termination elements of the malicious prosecution claim. (*Id*. at 4.) Defendant alleges the only direct evidence on the favorable termination element was the prosecutor's affidavit. (*Id*.) Defendant contends this testimony unequivocally shows the prosecutor chose to dismiss Plaintiff's charges for "reasons other than innocence." (*Id*. at 4-5.) Alleging Plaintiff failed to submit direct evidence that would allow a jury to find in Plaintiff's favor, Defendant claims the court improperly shifted the burden of proof. (*Id*. at 7.)

The court finds Defendant's contentions on this ground meritless, because they amount to "reiterate[d] arguments previously rejected by the court." *U.S. Home Corp.*, 2012 WL 5193835, at *3; *Sanders v. Wal-Mart Stores E.*, No. 1:14-CV-03509-JMC, 2016 WL 6068021, at *3 (D.S.C. Oct. 17, 2016). Defendant tries to dispel this notion by claiming the court erroneously shifted the burden of proof on the favorable termination element (ECF No. 35 at 7) because the record was devoid of "direct evidence" of favorable termination (*Id*. at 4). But as discussed previously, the trier of fact must consider all evidence on the record. *Salley*, 971 F.3d at 314. Circumstantial evidence can provide valuable insight into the prosecutor's underlying motives in dismissing a charge. *Id*. Ultimately, the trier of fact must analyze these facts under the relevant standard of care. *Id.* at 313-315. Here, the parties submitted substantial circumstantial evidence to the court, including reports and testimony detailing the context of Plaintiff's arrest, the acerbic history between the Smith and Raines families, the incident which triggered the harassment charge, and testimonial and video evidence from Plaintiff, Raines, and officers investigating the incident. (ECF No. 32 at 2-4, 22-24.) The court considered this evidence in the light most favorable to Plaintiff and concluded a reasonable jury could find Plaintiff's charges were favorably dismissed. (*Id*. at 22-24.)

Further, the court observes Defendant's arguments substantively mirror his prior contentions in his Motion for Summary Judgment and numerous replies. (*See, e.g.,* ECF No. 13-

1 at 15-17.) Specifically, Defendant reiterates his claim that Plaintiff presented no direct evidence of favorable termination to counter the assistant solicitor's testimony (*Id*. at 16-17.) Similarly, Defendant previously argued Plaintiff's initial objections to the Magistrate Judge's Report and Recommendation only challenged the distinct probable cause element of the claim (ECF No. 35 at 4; ECF No. 32 at 22 n. 17.) These repetitive contentions are not appropriately brought under Rule 54(b) because the court has already properly considered and rejected them. Moreover, Defendant's past and present arguments have not shown that the court committed a clear error of law or manifest injustice.

At bottom, Defendant's dissents have all but worn through. The court has again carefully reviewed these arguments and determines Defendant's Motion for Reconsideration must be denied. (ECF No. 35.)

## IV. CONCLUSION

For the reasons stated above, the court **DENIES** Defendant's Motion for Reconsideration. (ECF No. 35.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 1, 2021
Columbia, South Carolina